## SIBLEY *vs.* IVES.

Where the plaintiff, for the purpose of paying to the defendant a demand the lat-
ter had against him, for freight, amounting to 37½ cents, handed the defend-
ant a one dollar bank note, and the defendant offered him certain change,
which the plaintiff objected to, and demanded the bill back, and the de-
fendant thereupon procured and tendered 62½ cents in specie, together with a
receipt for the freight, which receipt the plaintiff took, and kept; *Held* that
he could not maintain an action against the defendant for converting the bank
note. SELDEN, J., dissented.

*Held also*, that the plaintiff was not entitled, in any event, to recover more than
62½ cents from the defendant.

THIS was an appeal by the plaintiff from a judgment of the
Monroe county court, reversing a judgment of a justice.
The action before the justice was against the defendant for con-
verting a one dollar bank bill, the property of the plaintiff.
On the trial before the justice, it appeared that the defendant
was a freight agent, at Rochester, for the New York Central
Rail Road Company. That on the occasion of the alleged con-
version of the one dollar bill, the plaintiff handed the bill to
the defendant in payment of some freight charges due from the
former to the rail road company. That the amount of freight
due was 37½ cents. That the defendant handed the plaintiff
62½ cents change, one shilling in silver and the balance in two
shinplasters of twenty-five cents each. That the plaintiff re-
fused to take the shinplasters, saying they were an impo-
sition, and demanded the one dollar bill back, which the
defendant refused, and a sharp controversy arose between them.
The defendant gave and offered evidence tending to show that
he procured the balance of the change in silver and paid it to
the plaintiff, and gave him a receipt for the amount due for
freight. The remaining facts necessary to be stated, sufficiently
appear in the opinion of the court.

*J. A Stull*, for the appellant.

*E. A. Hopkins*, for the respondent.

Sibley *v.* Ives.

WELLES, J. We have no doubt but the judgment was properly reversed by the county court. There is no reasonable question upon the evidence, of the fact that after some altercation between the parties, about the shinplasters, and about the return of the one dollar bank bill, and upon the occasion of the plaintiff offering the bill to pay the freight on the mowing machine, the defendant offered the change in specie, together with a receipt for the freight, and that the plaintiff took and kept the receipt. If this were so, there was no pretense for a recovery. There was no conflict in the evidence; and that leads irresistibly to the above conclusion. It does not appear on what ground the justice rendered judgment for the plaintiff. The evidence shows that when the plaintiff refused to take the shinplasters, the defendant said he had no other change to return him. The defendant's counsel then asked the plaintiff's witness Dailey, whether he, Dailey, furnished the defendant with the change wanted, in silver coin, and offered to follow this proof by evidence from another witness, that the money so furnished by the witness Dailey, was on that occasion duly tendered by the defendant to the plaintiff. The question was objected to on the part of the plaintiff, and the objection was sustained. In this the justice erred. The question and offer contemplate that Dailey knew the amount of the specie change furnished by him to the defendant, and the purpose for which it was so furnished, but that he did not know the fact that it was tendered to the plaintiff, and that the other witness referred to in the offer, knew that the same money furnished by Dailey to the defendant, the amount of which he did not know, was tendered by the latter to the plaintiff. Such a state of things might exist, and would not be remarkable; and if it did exist, the defendant should have been permitted to prove it.

Again, in whatever aspect the evidence can be viewed, the judgment is for too much. When the plaintiff handed the defendant the one dollar bill, if nothing further had appeared, the law would intend it was in payment of some debt. The evidence, however, shows that there was some change coming back to the plaintiff; and whatever that amounted to, was the utmost

limit of the plaintiff's right to recover; and that must have been less than one dollar, which was the amount for which the justice rendered judgment. According to the plaintiff's own showing, he was in no event entitled to recover over 62½ cents.

For these reasons the judgment of the county court should be affirmed.

JOHNSON, J., concurred.

SELDEN, J., dissented.

                                            Judgment affirmed.

[MONROE GENERAL TERM, December 3, 1855.   Selden, Johnson and Welles, Justices.]